## Commonwealth v. Gear

A. *Clarence Emery* and *Maxwell Strawbridge*, for Commonwealth.
*Edward F. Kane*, for defendant.

KNIGHT, J., December 4, 1931.—The defendant, having been convicted before a justice of the peace of a violation of The Vehicle Code of 1929, appealed to this court, where the case was heard de novo by the writer of this opinion. At the conclusion of the Commonwealth's case, the defendant demurred to the evidence, thereby admitting all the facts which the evidence tends to prove, and all inferences reasonably deducible therefrom: Com. *v.* Ernesto et al., 93 Pa. Superior Ct. 339.

Viewing the evidence in this light, the following facts appear: A street railway runs over the public highway, from Bridgeport to Swedeland, having its terminal at the latter place. At the end of the line the track is on the north side of the highway, which at that point consists of a ribbon of concrete eighteen feet wide, with gravel shoulders on each side. Between the south rail of the track and the side of the concrete roadway is a strip of gravel eight feet wide, then

comes the concrete, then another strip of gravel, stone and dirt. There is no sidewalk on either side of the road. Automobiles use the concrete roadway, although the gravel shoulders are part of the road and are level with the concrete.

On January 14, 1931, in the evening, a trolley car had reached the end of the line at Swedeland and was discharging its eighteen passengers from the front, right-hand door of the car. These travelers alighted on the eight-foot gravel strip, crossed the concrete roadway, thence over the south shoulder of the road, to their homes in the village of Swedeland. The last passenger had reached the middle of the concrete roadway when the automobile driven by the defendant at thirty miles an hour struck and injured him. The defendant did not stop or slow up when passing the standing and brightly-lighted trolley car.

It must be clearly remembered that we are not trying the defendant for reckless driving, nor is he here accused of assault and battery, a charge, we understand, he must still face in this court. We are here dealing with the alleged violation of a specific section of The Vehicle Code of May 1, 1929, P. L. 905, namely, section 1017 (b), which reads:

"No operator of a vehicle who meets or overtakes a street passenger car that has stopped for the purpose of taking on or discharging passengers shall pass said car on the side on which the passengers get on or off until the car has started, and until any passengers who may have alighted have reached the side of the highway, except that, where a safety zone has been established, or at an intersection where traffic is controlled by a peace officer or a traffic signal, a vehicle need not be brought to a full stop before passing any such railway, interurban or street car, but may proceed past such car at a speed not greater than is reasonable or proper, and in no event greater than ten miles an hour and with due caution for the safety of pedestrians."

This is a penal statute, and giving it the strict construction which we must, it seems apparent that the purpose of the act was to cover those cases where a street passenger car has stopped to discharge passengers on that part of the traveled roadway used by automobiles, and the intention of the legislature was to afford these discharged passengers an opportunity to reach a place of safety.

In the present case, the street car stopped at the end of the line, on the extreme side of the public road; it may have been on private property, although the evidence does not disclose this fact. But certain it is, that the passengers were discharged on the eight-foot gravel strip, between the track and the concrete road bed. When they alighted they were in a place of safety, on the side of the road, and were in the position of any pedestrian who sought to cross from one side of the road to the other. We are of the opinion that the section of the act in question does not cover the situation here portrayed, and that there was no duty on the defendant to stop his automobile simply because the street car was standing and discharging passengers. To hold otherwise would be to give a liberal construction to a penal act. As the incident did not happen at an intersection, and no safety zone had been established there, the case does not fall within the exception in the section of the act, requiring a motorist to slow down under certain conditions.

We repeat again, that we are making no finding or expressing any opinion as to the guilt or innocence of the defendant on a charge of reckless driving or assault and battery. We hold only that he is not guilty of the specific offense on which he was tried and convicted.

And now, December 4, 1931, the demurrer is sustained and the defendant found to be "not guilty." The costs to be paid by the County of Montgomery.

From Aaron S. Swartz, Jr., Norristown, Pa.